389 F.2d 1001
 Virginia M. CRAWFORD and Pauline Betty Trella, Plaintiffs-Appellants,
v.
The CITY OF DETROIT, a Municipal Corporation, Board of Water Commissioners of the City of Detroit, an agency of the City of Detroit, and the Board of Health of the City of Detroit, an agency of the City of Detroit, Defendants-Appellees, and
Michigan State Dental Association, a Michigan non-profit corporation, and Detroit District Dental Society, a Michigan non-profit, corporation, Intervening Defendants-Appellees.
 No. 17630.
 United States Court of Appeals Sixth Circuit.
 March 4, 1968.
 
 On Motion to Affirm or Dismiss Under Rule 18(5).
 Davidow & Davidow, by Larry S. Davidow, Detroit, Mich., for appellants.
 Robert Reese, Corporation Counsel, Robert D. McClear, Thomas J. McCallum, Assts. Corporation Counsel, Detroit, Mich., for appellees.
 Clark, Klein, Winter, Parsons & Prewitt, H. William Butler, Ronald D. Gregg, Detroit, Mich., for intervening defendants-appellees.
 Before EDWARDS, PECK and McCREE, Circuit Judges.
 
 ORDER
 
 1
 Having received and considered appellees' motion to dismiss or affirm, and having reviewed and considered the briefs and appendices, including the opinion of the District Judge in the above-styled appeal,
 
 
 2
 The court hereby affirms the judgment of the District Court in accordance with Rule 18(5) (b) of the Rules of the Court of Appeals for the Sixth Circuit, as amended December 12, 1967,[1] it being manifest that no substantial federal question is presented.
 
 
 3
 See Readey v. St. Louis County Water Co., 352 S.W.2d 622 (Mo.1961), appeal dismissed and cert. denied, 371 U.S. 8, 83 S.Ct. 20, 9 L.Ed.2d 47 (1962); Kraus v. City of Cleveland, 163 Ohio St. 559, 127 N.E.2d 609 (1955), appeal dismissed for want of a substantial federal question, 351 U.S. 935, 76 S.Ct. 833, 100 L.Ed. 1463 (1956); Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142, appeal dismissed for want of a substantial federal question, 348 U.S. 892, 75 S.Ct. 216, 99 L.Ed. 701 (1954).
 
 
 4
 Entered by order of the Court.
 
 
 
 Notes:
 
 
 [1]
 "(5) Motion to Dismiss or Affirm
 "Within fifteen days after the appeal has been docketed in this Court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss.
 "(a) The Court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this Court.
 "(b) The Court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.
 "The motion to dismiss or affirm shall be filed with the clerk in conformity with Paragraph (1) of this Rule.
 "The appellant shall have seven days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the Court for its consideration.
 "After consideration of the papers distributed pursuant to the foregoing paragraph, or on its own motion when it is apparent from the record that the appeal is not within the jurisdiction of the Court or that it is manifest that the questions on which decision of the Court depends are so unsubstantial as not to need further argument, the Court will enter an appropriate order.
 "The time for filing briefs pursuant to Rule 16 shall not be tolled or extended by the filing of a motion to dismiss or affirm." Rules of the Court of Appeals for the Sixth Circuit 18(5).